UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CORAZON MCDONALD,
   Appellant,

  v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER
DA-0752-12-0344-C-1

DATE: August 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Corazon McDonald, San Antonio, Texas, pro se.

Joseph P. Kinlin, Esquire, Fort Sam Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the compliance initial decision, which denied the appellant's petition for enforcement of a final Board order. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In a nonprecedential final Order dated April 26, 2013, the Board ordered the agency to cancel the appellant's removal and restore her with appropriate back pay and benefits, and it forwarded her allegations of noncompliance to the regional office for adjudication as a petition for enforcement. *McDonald v. Department of the Army*, MSPB Docket No. DA-0752-12-0344-I-1, Final Order at 3-4 (Apr. 26, 2013). After affording the parties the opportunity to submit evidence and argument concerning compliance, the administrative judge found that the agency had taken all reasonable actions towards compliance but the appellant has failed to cooperate with the agency's efforts. He therefore denied the petition for enforcement.

¶3      On review, the appellant reiterates the same arguments she made below and it is apparent that she misunderstands the remedy that we ordered. When the Board reverses a removal action, the employee is entitled to be placed back into the position from which she was wrongfully removed. The Board does not have the authority to direct the agency to place the appellant in a different position of her choice. *See Herrin v. Department of the Air Force*, 95 M.S.P.R. 536, ¶ 8 (2004) (an appellant's entitlement upon reversal of a personnel action is to be

returned to the status quo ante, not to be placed in a better position than the one in which she would have been if that action had not occurred).  The appellant is not required to return to duty if she would prefer not to return to the agency, but she is only entitled to back pay during the time she was ready, willing, and able to work for the agency.

¶4        When an agency calculates back pay, the Back Pay Act and the Office of Personnel Management's regulations require it to take certain deductions from gross back pay.  The agency is specifically required to deduct the amount of any outside earnings that the appellant may have earned from its calculation of the appellant's back pay award.        5 U.S.C. § 5596(b)(1)(A)(i);    5 C.F.R. § 550.805(e)(1).    Thus, the agency needs documentation concerning the appellant's earnings, or it cannot calculate her back pay in a way that complies with the law.  The appellant's refusal to provide the agency with the information it has requested means that the agency cannot calculate her back pay award.  Therefore, we find that the administrative judge correctly denied the appellant's petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.